UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **OUR PLACE CONDOMINIUMS INC** | **CASE NO. 2:22-CV-05121** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 19] filed by defendant State Farm Fire & Casualty Company, seeking to dismiss plaintiff's claim for lost income. Plaintiff Our Place Condominiums Inc. opposes the motion. Doc. 24.

## I.
### BACKGROUND

This suit arises from alleged damage to condominiums owned by plaintiff in Lake Charles, Louisiana, during the 2020 hurricane season, a February 2021 winter storm, and two fires occurring in June and November 2021. At all relevant times the property, which consists of fifteen residential buildings, one recreational building, and an in-ground pool, was insured under a policy issued by State Farm. Doc. 1, ¶ 5; *see* doc. 19, att. 6 (policy). Plaintiff maintains that State Farm failed to timely or adequately compensate it for covered losses. It filed suit against State Farm in this court on August 26, 2022, invoking the court's diversity jurisdiction and raising state law claims for breach of insurance contract and bad faith. Doc. 1. The matter is set for jury trial before the undersigned on October 15, 2024. Doc. 18.

State Farm now moves for summary judgment on plaintiff's claim for lost income, which is based on rent paid to the owners of the individual condominium units. Doc. 19. It argues that plaintiff can only recover under the policy for losses it actually incurred, such as maintenance fees, and not for losses suffered by other entities who are neither named insureds nor additional insureds under the policy. Plaintiff opposes the motion. Doc. 24.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046).

The policy insures the condominium complex against various perils. *See* doc. 19, att. 6. It contains an endorsement for "Loss of Income and Extra Expense." *Id.* at 23–26. This provision states, in relevant part:

> **COVERAGES**
> **1. Loss of Income**
>   a. We will pay for the actual "Loss of Income" you sustain due to the necessary "suspension" of your "operations" during the "period of

> restoration." The "suspension" must be caused by accidental direct physical loss to property at the described premises. The loss must be caused by a Covered Cause of Loss. . . .
>
> [. . . .]
> **2. Extra Expense**
>    a. We will pay necessary "Extra Expense" you incur during the "period of restoration" that you would not have incurred if there had been no accidental direct physical loss to property at the described premises. The loss must be caused by a Covered Cause of Loss. . . .

*Id.* at 23. The policy also states:

> Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations and any other person or organization qualifying as a Named Insured under this policy.

*Id.* at 55.

Plaintiff seeks payment from State Farm under this provision for lost rental income, either under the policy or as an element as consequential damages. Plaintiff, however, does not own the individual condominium units or collect rent on them. *See* doc. 19, att. 4 (plaintiff board consent actions, providing that units are subject to individual ownership). About half of the units are owned by a separate entity called MBA Investors, LLC ("MBA Investors"). Doc. 19, att. 5. State Farm asserts, and plaintiff does not dispute, that the other units are owned by various individuals, not including plaintiff. Plaintiff is the only named insured on the policy. Doc. 19, att. 6.

According to the plain language of the policy, Loss of Income and Extra Expense coverage only applies to actual losses/expenses incurred by the named insured. Louisiana courts have enforced the plain meaning of such terms, refusing to allow policyholders to recover for the lost income or extra expenses of third parties, even when those third parties are somehow connected to the named insured. *See Weir v. Allstate Ins. Co.*, 2008 WL

4657805, at *2 (E.D. La. Oct. 20, 2008) (dismissing plaintiffs' business interruption claims brought on behalf of title agency of which one plaintiff was sole shareholder, because agency was not listed as an insured entity under policy). Accordingly, "the case law indicates that insurance coverage provided for one entity does not extend coverage to another related entity." *Lightfoot v. Hartford Fire Ins. Co.*, 2010 WL 1154224, at *3 (E.D. La. Oct. 13, 2010). Likewise, interpreting a similar policy issued to a condominium association, the Fifth Circuit found no reason to extend coverage to the individual unit owners who were not listed as named insureds under the policy. *Hayne v. Woodridge Condominiums, Inc.*, 957 So.2d 804, 810 (La. Ct. App. 5th Cir. 2007).

Plaintiff provides nothing to distinguish this persuasive authority, but points out that State Farm has already paid over $300,000 under the Loss of Income & Extra Expense coverage. *See* doc. 24, att. 2, ¶¶ 8–9; doc. 24, att. 3, pp. 3, 15. These payments are based on submitted expenses, including rents. *See* doc. 24, pp. 1–2. State Farm argues that an erroneous payment does not expand coverage, and notes that this court has allowed an insurer to recover proceeds erroneously paid to a plaintiff. *See Guidry v. Liberty Mutual Ins. Co.*, 2024 WL 1195610, at *4 (W.D. La. Mar. 20, 2024). In that matter, however, the plaintiff had committed numerous instances of fraud that would have prevented the insurer from properly determining coverage. Here there is no such evidence of plaintiff's bad faith, and the parties instead indicate that there is overlapping ownership between plaintiff and MBA Investors.

Plaintiff appears to raise an argument based on waiver, which requires "an existing right, a knowledge of its existence and an actual intention to relinquish it or conduct so

inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished." *Moreno v. Entergy Corp.*, 233 So.3d 176, 184 (La. Ct. App. 5th Cir. 2017) (citing *Arceneaux v. Amstar Corp.*, 66 So.3d 438, 451 (La. 2011)). Waiver may apply to an insurance contract even when it has the effect of extending coverage. *Steptore v. Masco Const. Co.*, 643 So.2d 1213, 1216 (La. 1994). Additionally, an insurer is charged with knowledge of the contents of its own policy. *Koehl v. RLI Ins. Co.*, 367 So.3d 122, 129 (La. Ct. App. 5th Cir. 2023) (citing *Steptore*, 643 So.2d at 1216). Similarly, an insurer may be estopped from limiting coverage when it or its agent misrepresents to an insured the coverage offered under the policy and the insured reasonably relies on this misrepresentation to its detriment. *Cugini, Ltd. v. Argonaut Great Cent. Ins. Co.*, 889 So.2d 1104, 1114–15 (La. Ct. App. 5th Cir. 2004) (citing *Wilkinson v. Wilkinson*, 323 So.2d 120, 126 (La. 1975)). Issues of fact remain as to State Farm's knowledge/diligence in discovering the ownership of the condominium units as well as whether plaintiff has relied to its detriment on the coverage already provided. Accordingly, the claim may proceed to trial where plaintiff can attempt to establish coverage on a theory of waiver or estoppel.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 19] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 27th day of June, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**