UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **OUR PLACE CONDOMINIUMS INC** | **CASE NO. 2:22-CV-05121** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM RULING**

Before the court is a Motion for Partial Summary Judgment [doc. 20] filed by defendant State Farm Fire & Casualty Company, seeking to dismiss plaintiff's claims for double recovery on damages arising from plaintiff's subsequent fire claims. Plaintiff opposes the motion. Doc. 22.

**I.**
**BACKGROUND**

This suit arises from alleged damage to condominiums owned by plaintiff in Lake Charles, Louisiana, during the 2020 hurricane season, a February 2021 winter storm, and two fires occurring in June and November 2021. The property consists of fifteen residential buildings, one recreational building, and an in-ground pool. Doc. 1, ¶ 5; *see* doc. 19, att. 6 (policy). At all relevant times it was insured under a policy issued by State Farm, with policy years running from May 25, 2020, to May 25, 2021, and from May 25, 2021, to May 25, 2022. Doc. 1, ¶¶ 6–7.

Plaintiff maintains that State Farm failed to timely or adequately compensate it for covered losses. It filed suit against State Farm in this court on August 26, 2022, invoking

the court's diversity jurisdiction and raising state law claims for breach of insurance contract and bad faith. Doc. 1. The matter is set for jury trial before the undersigned on October 15, 2024. Doc. 18.

State Farm now moves for summary judgment on plaintiff's claims for property damage arising from the fires, asserting that plaintiff is not entitled to double recovery through the application of a separate policy limit to its fire claims for repairs that were paid for under the hurricane claim but not begun at the time of the fire. Doc. 20. Plaintiff opposes the motion, denying that it will seek a double recovery and asserting that issues of fact remain as to which damages were caused by which peril. Doc. 22.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is

not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046).

The policy provides blanket coverage for property damage at a limit of $10,385,400.00. Doc. 19, att. 6, p. 3. Plaintiff reported damages after Hurricane Laura and Hurricane Delta, both of which made landfall in Southwest Louisiana during the 2020 hurricane season, and plaintiff has admitted that State Farm paid the policy limits by April 2021. Doc. 20, att. 3, pp. 2–3; *see* doc. 24, p. 6. On June 25, 2021, in the new policy year, a fire at the complex impacted Buildings 12, 14, and 15. State Farm contends that these buildings were gutted at the time. On July 21, 2021, it issued payment in the amount of $233,169.74 for damages it identified as attributable to the fire rather than the hurricanes. Doc. 20, att. 2, p. 5; doc. 20, att. 3, p. 2. A second fire occurred on November 28, 2021, impacting Building 4. Doc. 20, att. 2, p. 5. State Farm issued another payment in the amount of $286,118.87 for fire damage impacting areas of the building (namely, siding) that had been repaired since the hurricanes. *Id.*; *see* doc. 20, att. 3, p. 2. It withheld payment, however, for those areas it determined had not been repaired since the hurricane, such as the building roof. Doc. 20, att. 2, p. 5.

State Farm moves for summary judgment that, "to the extent Plaintiff is seeking additional payments for damage that had been paid for but for which work had not started at the time of the fires, Plaintiff is not entitled to double recovery." *Id.* Plaintiff disputes that any double recovery would occur and maintains that issues of fact exist as to the nature of such damages. Doc. 22. The court agrees that the policy limits can only apply once to replacement or unrepaired damages. As the undersigned has already recognized, it is well settled under Louisiana law that a plaintiff cannot recover twice for the same loss. *Touchet*

*v. United Prop. & Cas. Ins. Co.*, 2022 WL 710621, at *2 (W.D. La. Mar. 9, 2022). Plaintiff is not entitled to a second limit if repairs were not commenced between the two perils. *Id.*

The court cannot properly determine from the record which repairs were paid for and/or commenced between the hurricanes and the fires. State Farm's motion does not ask it to do so, however, and seeks summary judgment only as to payments "for damage that had been paid for but for which work had not started." Accordingly, the motion will be granted subject to the caveat that plaintiff may establish through competent evidence at trial which outstanding damages relate to repairs that were in progress or completed and then impacted by the fires.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 20] will be **GRANTED** and plaintiff will be precluded from double recovery for damage that had been paid for but for which work had not started at the time of the fires.

**THUS DONE AND SIGNED** in Chambers on the 27th day of June, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**