UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **OUR PLACE CONDOMINIUMS INC** | **CASE NO.  2:22-CV-05121** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is a Motion to Reconsider, Motion to Stay, and Motion for Certificate of Appealability [doc. 70] filed by defendant State Farm Fire & Casualty Company ("State Farm"), in response to this court's ruling [doc. 59] on plaintiff's Motion for Summary Judgment [doc. 48]. Plaintiff opposes the motions. Doc. 72.

State Farm represents that the court assigned bad faith penalties on both timely and untimely payments, and that a substantial ground for difference of opinion thus exists justifying either reconsideration of the court's prior ruling or a stay of this matter pending an interlocutory appeal. But the court determined in its prior ruling that State Farm was in bad faith because it did not make **any** payments for over 30 days, and then only low-ball advances with a delayed adjustment process, despite the fact that it was clear from the first inspection that plaintiff's undisputed damages were well over a million dollars. *See* doc. 59, pp. 7–8. State Farm's real dispute is with the court's findings on the sufficiency of notice and whether its failure to issue timely payment was arbitrary or capricious. The court finds no basis for reconsidering these determinations under Federal Rule of Civil Procedure 54(b).

An interlocutory appeal is only justified under 28 U.S.C. § 1292(b) where the movant shows "(1) a controlling question of law is involved, (2) there is substantial grounds for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007). The threshold for establishing "substantial grounds" is a high one and is met when "there is a 'genuine doubt as to the correct legal standard' to be applied." *S. U.S. Trade Ass'n v. Unidentified Parties*, 2011 WL 2790812, at *2 (E.D. La. Jul. 14, 2011) (quoting *Kapossy v. McGraw-Hill, Inc.*, 942 F.Supp. 996, 1001 (D.N.J. 1996)). The legal standards under La. R.S. § 22:1892 are well settled; defendant merely disagrees with the court's application. Accordingly,

**IT IS ORDERED** that the Motion to Reconsider, Motion to Stay, and Motion for Certificate of Appealability [doc. 70] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 5th day of January, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**